IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,  :
           Plaintiff,  :
   v.  :   Crim. No. 17-18-LPS
LORRAINE Y. MOSLEY,  :
           Defendant.  :

David C. Weiss, Acting U.S. Attorney, and Edmond Falgowski, Assistant U.S. Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, DE

   Attorneys for Plaintiff.

Edson A. Bostic, Federal Public Defender, and Tieffa N. Harper, Senior Litigator, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Wilmington, DE

   Attorneys for Defendant.

**MEMORANDUM OPINION**

November 17, 2017
Wilmington, Delaware


**STARK, U.S. District Judge:**

Pending before the Court is Defendant's motion to dismiss the indictment for failure to state an offense pursuant to Federal Rule of Civil Procedure 12(b)(3)(B)(v). (D.I. 34) The motion is fully briefed and the Court heard argument on October 26, 2017. For the reasons discussed below, the Court will deny Defendant's motion.

**I.     BACKGROUND**

On March 7, 2017, a grand jury charged Defendant Lorraine Mosley ("Mosley" or "Defendant"), a former State of Delaware corrections officer, with conspiracy to commit extortion under color of official right (Count 1), and extortion under color of official right (Count 2), in violation of the Hobbs Act, 18 U.S.C. § 1951(a). (*See* D.I. 27) The indictment alleges that Mosley, while working as a corrections officer at Delores J. Baylor Women's Correctional Institution ("WCI"), conspired and agreed "to receive a cash payment in exchange for smuggling prison contraband, specifically, a cell phone, into WCI for [a] WCI inmate" and executed on that agreement by "arrang[ing] a meeting with the inmate's associate," going to said meeting to accept "a cash payment of $100 and a cell phone," "smuggl[ing] the cell phone into WCI, conceal[ing] it in a staff bathroom, and then [telling] the WCI inmate where the cell phone was hidden." (D.I. 27 at ¶¶ 3-4)

On July 3, 2017, Defendant filed her motion to dismiss, arguing that her alleged actions do not constitute "official acts" under § 1951(a), as interpreted by *McDonnell v. United States*, 136 S. Ct. 2355 (2016). (*See* D.I. 36 at 1) On August 21, 2017, the government responded. (*See* D.I. 39) The Court heard argument on the motion during a status conference on October 26, 2017.

1

## II. LEGAL STANDARDS

Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "[A]n indictment is facially sufficient if it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what [s]he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent [s]he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (internal quotation marks omitted). An indictment is to be upheld "unless it is so defective that it does not, by any reasonable construction, charge an offense." *United States v. Vitillo*, 490 F.3d 314, 324 (3d Cir. 2007) (internal quotation marks omitted).

"Federal Rule of Criminal Procedure 12(b)(3)(B) allows a district court to review the sufficiency of the government's pleadings to . . . ensur[e] that legally deficient charges do not go to a jury." *Huet*, 665 F.3d at 595 (internal quotation marks omitted). A defendant can challenge the sufficiency of a indictment either on the basis that it "fails to charge an essential element of the crime" or that "the specific facts alleged . . . fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *United States v. Willis*, 844 F.3d 155, 162 (3d Cir. 2016) (internal quotation marks omitted).

## III. DISCUSSION

Defendant seeks dismissal of the indictment for failure to state an offense, contending it both fails to charge an essential element of the offense and that the specific acts alleged fall beyond the scope of the Hobbs Act. (*See* D.I. 36 at 5) Specifically, Defendant argues that the indictment fails to allege Defendant took any "official act" under § 1951(a), in view of the

Supreme Court's interpretation of that term in *McDonnell*. (*See* D.I. 36 at 4-5) The government argues that Defendant committed an "official act" by agreeing to and then smuggling prison contraband into WCI and delivering it to an inmate. (*See* D.I. 39 at 8-9)

To survive Mosley's motion to dismiss, the government must adequately charge the elements of conspiracy to commit extortion and extortion under 18 U.S.C. § 1951(a). *See Huet*, 665 F.3d at 596. "Pursuant to § 1951, a criminal offense occurs when an individual 'obstructs, delays, or affects commerce . . . by extortion,' with extortion defined as 'the obtaining of property of another, with his consent, . . . under color of official right.'" *United States v. Repak*, 852 F.3d 230, 252 (3d Cir. 2017) (quoting 18 U.S.C. § 1951(a)-(b)). To prove extortion under color of official right, the government must "show that a public official has obtained a payment to which [s]he was not entitled, knowing that the payment was made in return for official acts." *Evans v. United States*, 504 U.S. 255, 268 (1992).

The parties in *McDonnell* agreed that the term "official act" should be defined in reference to the federal bribery statute. *See McDonnell*, 136 S. Ct. at 2365. Under the federal bribery statute, "official act" is defined as "any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity." 18 U.S.C. § 201(a)(3).

"[P]roving an 'official act' requires a two-part showing." *Repak*, 852 F.3d at 252. "First, the Government must identify a 'question, matter, cause, suit, proceeding or controversy' that 'may at any time be pending' or 'may by law be brought' before a public official." *McDonnell*, 136 S. Ct. at 2368 (quoting § 201(a)(3)). To qualify as a "question" or "matter," the alleged action "must involve a formal exercise of governmental power that is similar in nature to a

lawsuit before a court, a determination before an agency, or a hearing before a committee." *Id.* at 2372. The Supreme Court clarified that what is "pending" or "may be brought" "is relatively circumscribed – the kind of thing that can be put on an agenda, tracked for progress, and then checked off as complete." *Id.* at 2369. Further, "'may by law be brought' conveys something within the specific duties of an official's position – the function conferred by the authority of [her] office." *Id.* Higher order concerns such as "economic development," "justice," and "national security" do not qualify as "questions" or "matters" under § 201; rather, the issue "must be more focused and concrete." *Id.*

In *McDonnell*, the Supreme Court held that whether researchers would undertake a particular drug study or whether a state agency would allocate grant money to a certain drug study were each "questions or matters under § 201(a)(3)." *Id.* at 2370. In a subsequent district court case, *United States v. Jones*, 207 F. Supp. 3d 576, 577-78, 582 (E.D.N.C. 2016), a court held that an indictment charging a judge with bribing an FBI task force officer ("TFO") – to have the officer obtain and disclose text messages sent and received by the defendant's wife – presented two "questions" or "matters" under § 201. This was because a TFO is legally authorized to initiate investigations and obtain and disclose cell phone data under proper circumstances, so the alleged actions fell "squarely within the specific duties of a TFO." *Id.* at 582; *see also United States v. Williams*, 2017 WL 2713404, at *5 (E.D. Pa. June 13, 2017) (holding defendant's use of position as District Attorney to obtain police report not otherwise available to members of public was "official act").

The second requirement of § 201 requires that the government "prove that the public official made a decision or took an action 'on' that question, matter, cause, suit, proceeding, or

4

controversy, or agreed to do so." *McDonnell*, 136 S. Ct. at 2368. The agreement need not be explicit, or even one that the official intends to fulfill. *See id.* at 2370-71. While "[s]etting up a meeting, talking to another official, or organizing event (or agreeing to do so) – without more – does not fit that definition of 'official act,'" something like deciding to initiate a research study does. *See id.* at 2370-72. In *Jones*, 207 F. Supp. 3d at 582, the court held that simply alleging the defendant gave the TFO $100 "indicate[d] the TFO implicitly agreed" to obtain and deliver the text messages and was sufficient to demonstrate a decision made or action taken.

Here, Mosley's charged actions come within the definition of an "official act" under § 201 as interpreted in *McDonnell*. The indictment charges Defendant with conspiring and agreeing to smuggle a cell phone into WCI in exchange for a $100 payment, and then doing so. (*See* D.I. 27 at ¶¶ 2-6) The "question" or "matter" involved in each count is "whether Defendant, a State of Delaware Corrections Officer, would smuggle prison contraband, a cell phone, into WCI and deliver the cell phone to an inmate." (D.I. 39 at 8-9) Far from being a broad concern like statewide economic development, this is a "focused and concrete" – and quite specific – pending matter: whether Mosley, a WCI official, would undertake a particular, agreed-upon course of action, such that a particular WCI inmate would gain access to a cell phone in contravention of WCI rules. *See generally Williams*, 2014 WL at 2713404, *5 (providing unauthorized third-party access to police records falls within § 201). Indeed, the various steps the government alleges took place – such as Mosley arranging delivery of the cell phone to meeting with the inmate's associate and coordinating the cell phone drop – are exactly the type of "thing that can be put on an agenda," calendar, or to-do list, "and then checked off as complete." *McDonnell*, 136 S. Ct. at 2369. Once completed, the result of Defendant's alleged actions "was

5

anything but 'nebulous,'" *Williams*, 2014 WL 2713404, at *4 (quoting *McDonnell*, 136 S. Ct. at 2374), and does not require resort to the high level of generality rejected by the Supreme Court in *McDonnell*.

Further, Mosley's alleged actions implicate her "specific duties" as a state corrections officer. The indictment alleges Defendant smuggled prison contraband to a WCI inmate "in violation of her official duties at WCI." (D.I. 27 at ¶ 2) While Defendant contends that she had no greater access to WCI inmates than any lay visitor to WCI would have had – and, therefore, her actions cannot be said to be a "function" of her official position – Defendant's argument overlooks the fact that visitors to WCI, unlike Mosley, are not public officials tasked with regulating inmates' access to contraband, a duty Mosley owed by virtue of her position as a state corrections officer, regardless of whether or not she properly performed that duty. *See Jones*, 207 F. Supp. 3d at 582; *Williams*, 2017 WL 2713404, at *5. Accordingly, the indictment adequately sets forth a circumscribed "question" or "matter" under § 201.

Each count of the indictment also sufficiently alleges Defendant took an action "on" the question or matter presented. In both Counts 1 and 2, the government alleges that Defendant agreed to, and then did, smuggle a cell phone into WCI in exchange for payment. (*See* D.I. 27 at ¶¶ 4-5) This is sufficient. *See McDonnell*, 136 S. Ct. at 2370-71 (holding agreement alone enough).

Thus, the indictment sufficiently alleges an "official act" arising from Mosley's alleged agreement and smuggling of a cell phone into WCI in exchange for a $100 payment. Mosley's motion must be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the indictment for failure to state an offense (D.I. 34) will be denied. An appropriate order follows.