

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

*The Nemours Building*
*1007 N. Orange Street, Suite 700*     (302) 573-6277
*P.O. Box 2046*     FAX (302) 573-6220
*Wilmington, Delaware 19899-2046*

June 8, 2018

***VIA CM/ECF***
The Honorable Leonard P. Stark
Chief United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

    Re:  ***United States v. Lorraine Mosley***
          <u>**Criminal Action No. 17-18-LPS**</u>

Dear Chief Judge Stark:

    The government submits this letter regarding the two recent *ex parte* discovery motions filed by the Defense, (D.I. 54, 55), pursuant to the Court's request.

    Subpoenas issued under Federal Rule of Criminal Procedure 17(c) ("Rule 17(c)") are "committed to the sound discretion of the trial court," which can quash or modify the subpoena if compliance would be "unreasonable or oppressive." *United States v. Nixon*, 418 U.S. 683, 698, 702 (1974) (internal quotes omitted). This standard requires the moving party to show that it seeks (1) only "evidentiary and relevant" information; (2) that it is "not otherwise procurable reasonably in advance of trial"; (3) that the moving party "cannot properly prepare for trial without such production"; and (4) that the request "is made in good faith" rather than as an attempt at a "general 'fishing expedition.'" *Id.* at 699-700. The *Nixon* Court distilled these criteria into a three-part test: the moving party must show the "(1) relevancy; (2) admissibility; [and] (3) specificity" of the requested materials. *Id.* at 700.[1] In short,

---

[1] A few district courts have suggested that a less-stringent evidentiary standard based on materiality should apply in instances where Rule 17(c) subpoenas are directed by defendants to a non-party. *United States v. Tucker*, 249 F.R.D. 58 (S.D.N.Y. 2008); *see also United States v. Nachamie*, 91 F.Supp.2d 552 (S.D.N.Y. 2000). This standard has never been adopted by the Third Circuit or its district courts. *See, e.g., United States v. Onyenso*, 2013 WL 5322651 at *2 (D.N.J. Sept. 20,

a Rule 17(c) subpoena must seek only specific information that the movant knows is relevant and admissible at trial. *United States v. Cuthbertson*, 630 F.2d 139, 144-46 (3d Cir. 1980). Thus, Rule 17(c) serves only a limited purpose. *United States v. Wilmington Trust Corp.*, 321 F.R.D. 100, 102 (D. Del. 2017).

In reviewing Rule 17(c) requests, the Third Circuit has cautioned that "[c]ourts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P.16." *Cuthbertson*, 630 F.2d at 146. A mere hope or expectation that evidence may be discovered is insufficient to carry this burden. *Id.*; *United States v. Eisenhart*, 43 F.App'x 500, 505 (3d Cir. 2002) ("[M]ore is needed to sustain a subpoena than the defendant's own subjective belief (i.e., hope) that he or she may find something useful. . ."). This also applies to articulating the admissibility of the evidence at trial. *United States v. Onyenso*, 2013 WL 5322651 at *1 (D.N.J. Sept. 20, 2013) (stating that "the requesting party must . . . do more than speculate about the relevancy of the materials being sought.") (quotations omitted).

Regarding *ex parte* submissions, they are generally disfavored by the Third Circuit. *United States v. Wecht*, 484 F.3d 194, 214 (3d Cir. 2007); *United States v. Fulton*, 2013 WL 4609502 at *1 (D.N.J. 2013). They should only be granted in limited circumstances. *United States v. Stewart*, 1997 WL 103700 at *2 (E.D. Pa. March 4, 1997) ("We agree with the majority of courts which have examined this issue that the plain language of Rule 17(c) does not contemplate an *ex parte* procedure, at least absent extraordinary circumstances."); *see also Fulton*, 2013 WL 4609502 at *2.

Revealing trial strategy or undermining a fundamental right of the defendant can be considered an appropriate basis upon which to proceed *ex parte*, but requires the defendant "to meet a heavy burden to proceed in that fashion." *United States v. Beckford*, 964 F. Supp. 1010, 1026-27, 1030 (E.D. Va. 1997); *Fulton*, 2013 WL 4609502 at *2. This "heavy burden" cannot be met by a bare, "conclusory statement" from the moving party that it risks divulging trial strategy. *United States v. Bennett*, 2014 WL 801042 at *3 (S.D. W. Va. Feb. 28, 2014).

Respectfully Submitted,

DAVID C. WEISS
UNITED STATES ATTORNEY

BY: _____
Alexander P. Ibrahim
Edmond Falgowski
Assistant United States Attorneys

---

2013) (considering and rejecting a lower standard). *See also United States v. Rand*, 835 F.3d 451 (4th Cir. 2016); *United States v. Barnes*, 560 F.App'x 36 (2d Cir. 2014).