IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Crim. No. 17-18-RGA |
| | ) |
| LORRAINE Y. MOSLEY, | ) |
| | ) |
| Defendant. | ) |

ORDER

Pending is the Government's Omnibus Motions in Limine. (D.I. 67). At the pretrial conference, I was advised that the Motion to Preclude Argument Regarding Charging Decisions was resolved by agreement. I denied the Motion to Introduce Statements of Inmate, etc., although permitting the Government to raise the issue again outside the presence of the jury. I also denied the Motion to Recall Case Agent, etc.

I heard oral argument and took under advisement the Motion to Exclude Evidence of Misdeeds of Major Fred Way and/or Other Prison Officials Unrelated to this Case or Prison Smuggling. By way of background, Defendant is a prison guard charged with extortion for taking $100 to smuggle a cell phone to inmate Tyra Mills. Fred Way was, at the time, a Major in the same prison. He was the "Security Superintendent." I believe that would make him the third-ranking official at the prison, after the Warden and Deputy Warden. (D.I. 73 at 7). It was represented that Way could bring a cell phone into prison without being "wanded," or checked. I assume that privilege applies to at least the Warden and Deputy Warden too. At or before the

smuggling incident in this case (late May 2015), Way was committing sex crimes in the prison, to wit, having sex with an inmate. It was represented that this was common knowledge. (*Id.* at 9). Way was later convicted of four misdemeanors relating to his illegal conduct.

Defendant wants to offer Way as an "alternative perpetrator." The theory is that because of his widely known unlawful sexual behavior, he was "subject to blackmail." (*Id.*). Thus, someone, perhaps inmate Mills, may have blackmailed him. He also had "opportunity" to bring in the phone due to his high-ranking status at the prison (as I assume did the Warden and Deputy Warden).[1]

The Court may exclude relevant evidence under a Rule 403 balancing analysis. Fed. R. Evid. 403. Defendant posits that being "subject to blackmail" is motive to bring the cell phone into prison. I do not agree. Even if Way was "subject to blackmail," he had no motive to act unless actually blackmailed. The Defendant's argument is more consistent with a theory that inmate Mills, due to Way's illegal conduct, had the opportunity to blackmail Way, which, since she wanted to get a cell phone smuggled into the prison, then gave her a motive to enlist Way's help through blackmail. The Defendant has not provided evidence that either Mills or Way engaged in blackmail, and there is no other evidence linking Way to the smuggling of the phone. As such, the blackmail theory has close to no probative value.

In contrast, the "subject to blackmail" evidence presents a high risk of unfair prejudice to the Government and confusing the issues. It seems inevitable that if it became an issue, the parties would engage in a sideshow about Way's conduct, including the repulsive nature of his crimes, and by necessity, proof that knowledge of the crimes was widespread, as well as the consequences of his crimes, *i.e.*, that he was prosecuted. Thus, in my judgment, the "subject to

---

[1] I take it that how easy it is to bring in a cell phone is going to be an issue at trial, and therefore, presumably, whether some people (and how many) could bring in a cell phone without being checked is an issue that might arise.

blackmail" evidence should be excluded as its probative value would be substantially outweighed by the danger of unfair prejudice to the Government and confusing the issues.

IT IS SO ORDERED this 7 day of September 2018.

/s/ Richard G. Andrews
United States District Judge