IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No.17-18-RGA |
| | ) | |
| LORRAINE Y. MOSELY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Pending is the Defendant's Motion in Limine to exclude videotape evidence under Federal Rule of Evidence 106. (D.I. 68). At the pretrial conference, Defendant brought an additional argument that the videotape should be excluded on constitutional grounds under *Brady v. Maryland*, 373 U.S. 83 (1963). I requested letters on the issue and Defendant subsequently withdrew the *Brady* argument. (D.I. 81 at 1).

By way of background, Defendant is a prison guard charged with extortion for taking $100 to smuggle a cell phone to inmate Tyra Mills. The videotape at issue is a silent four and a half minute clip, from two different angles, of prison surveillance footage taken May 27, 2015. The videotape shows Defendant enter and exit a staff bathroom, then motion towards a table of inmates. Inmate Mills walks to the bathroom, and Defendant and Mills have a short interaction. Mills then enters the bathroom and Defendant walks away. The videotape ends after Mills exits the bathroom and enters another room (referenced as the laundry room). (D.I. 69 at 2; D.I 75 at 1-2).

The parties represent that the prison has a policy of maintaining surveillance footage for 60 to 90 days before the footage is taped over. On June 1, 2015, the prison discovered the cell phone at issue and began an investigation. Shortly thereafter, Lieutenant Sonia Sessoms reviewed video footage from May 27, 2015 and isolated the four and a half minute clip. Defendant alleges that the Government became actively involved in the investigation on June 11, 2015, during the 60 to 90 day window. The remainder of the May 27, 2015 footage was not preserved. (D.I. 69 at 1-4).

Defendant argues that Rule 106 requires some deleted surveillance footage[1] be introduced along with the videotape in question to provide necessary context. Defendant posits that the additional footage would have shown Mills and Defendant's movements before and after the preserved clip, which may shed light on whether either person possessed the cell phone at issue. (*Id.* at 4-7). In support, Defendant points to *U.S. v. Yevakpor*, where the court excluded under Rule 106 three nonconsecutive one-minute clips selected from over thirty minutes of deleted video. 419 F. Supp. 2d 242, 245-48 (N.D.N.Y. 2006).

I do not agree that the videotape in question lacks context. Any additional footage cannot negate the fact that Mills and Defendant met as shown during the videotape. Unlike in *Yevakpor*, the videotape was not cobbled together. The clip shows a complete interaction, starting with Defendant entering the bathroom and ending with Mills entering the laundry room. The fact that more information could possibly be gleaned from footage of Mills and Defendant before and after the interaction does not necessarily make the clip misleading. Defendant argues that additional footage might show Mills returning to the bathroom with toilet paper, which would support the theory that Defendant had asked Mills to restock the bathroom. I think this goes to

---

[1] Defendant was unclear on exactly how much footage should have been preserved. During oral argument it was suggested that an additional ten to fifteen minutes might be sufficient, or alternatively, the entire "lunch hour."

the weight, rather than the context, of the evidence. The videotape simply depicts an interaction between Mills and Defendant near the staff bathroom—the reasons behind the interaction are up for interpretation. Therefore, I find that "fairness" does not require the videotape be excluded. Fed. R. Evid. 106.[2]

The videotape likewise should not be excluded under a Rule 403 analysis. Fed. R. Evid. 403. The videotape has probative value because it shows communication between Defendant and Mills consistent with the relevant time frame. (D.I. 75 at 2). In contrast, it is unlikely to cause unfair prejudice or mislead the jury, as it depicts a facially innocuous interaction. Thus, on balance, the videotape's probative value is not substantially outweighed by any of the Rule 403 dangers.

IT IS SO ORDERED this 12 day of September 2018.

*Richard G. Andrews*
United States District Judge

---

[2] I assume Rule 106 applies, although by its express terms, it only applies to a "recorded statement." As the video has no audio, it is not literally a "statement."